UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JOSHUA REBEL HAYS,

        Plaintiff,                  Case No. 1:10-cv-80

v.                                       Honorable Paul L. Maloney

HEATHER JOHNSTON et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed because Defendants are immune.

**Discussion**

I.  Factual allegations

Plaintiff currently is incarcerated in the Elkhart County Jail in Indiana. His *pro se* amended complaint concerns his arrest and subsequent detention in connection with a breaking and entering at the Whitetail Bar in St. Joseph County, Michigan. Plaintiff sues the Michigan Department of State Police. He also sues the following state police officers in their official capacities: Heather Johnston, Steve Miller, A. Steensma, Mike Scott and Joel Schultze.

Plaintiff was a suspect in a breaking and entering that occurred at the Whitetail Bar on the night of August 23, 2006. On May 7, 2007, the St. Joseph County prosecutor's office declined to prosecute Plaintiff for lack of sufficient evidence. A Michigan State Police laboratory report dated August 22, 2007 stated that a search of the Combined DNA Index System (CODIS) database produced a match between Plaintiff's DNA and DNA recovered from the crime scene. The report noted, "The Michigan CODIS database quality control and quality assurance criteria require a new biological sample to be obtained from the alleged suspect for final confirmation of the reported association. This is to be deemed investigative information only." (Laboratory Report, p. 1, docket #1-2.) In light of the CODIS match, Defendant Schultze submitted a new request for an arrest warrant. The warrant was issued in October 2007. Plaintiff was arrested pursuant to the warrant on June 2, 2008, while he was being held at the Cass County Jail. More than three months later, on September 25, 2008, Defendant Miller obtained a search warrant for Plaintiff's finger prints and DNA. According to a state police laboratory report dated September 30, 2008, no match was found between Plaintiff's finger prints and evidence collected from the crime scene. Plaintiff never received a report regarding the DNA test. On November 26, 2008, Plaintiff was released on a personal recognizance bond and the charges against him were later dismissed.

Plaintiff claims that he was unlawfully arrested and detained for 177 days as a result of Defendants' failure to follow proper procedures with regard to the CODIS report. Plaintiff maintains that Defendants should have conducted the follow-up DNA test and confirmed a match before seeking a warrant for his arrest. He further claims that the Defendant state police officers misled the prosecutor's office regarding the evidence in the case, provided inaccurate information in their reports and gave false testimony at his preliminary examination. For relief, Plaintiff seeks compensatory damages of $250.00 per day for the 177 days that he was wrongfully incarcerated and punitive damages of $750,000.

II. Immunity

Plaintiff may not maintain a § 1983 action against the Michigan Department of State Police. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In addition, the State of Michigan (acting through the Michigan Department of State Police) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Michigan Department of State Police must be dismissed from this action.

In his amended complaint, Plaintiff explicitly sues the Defendant state police officers only in their official capacities. A suit against an individual in his official capacity is equivalent to a suit brought against the governmental entity: in this case, the Michigan Department of State Police. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). An official-capacity defendant is absolutely immune from monetary damages. *Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998); *Wells v. Brown*, 891 F.2d 591, 592-93 (6th Cir. 1989). Plaintiff seeks only monetary damages against the Defendant state police officers. Therefore, the Court also will dismiss Defendants Johnston, Miller, Steensma, Scott and Schultze.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), because Defendants are immune.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: May 18, 2010                    /s/ Paul L. Maloney
                                      Paul L. Maloney
                                      Chief United States District Judge